IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | | |
|---|---|---|
| ERIC PARR, | ) | CIVIL NO. 06-00041 JMS-LEK |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| JS & W HAWAI`I, INC., ETC., | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**FINDINGS AND RECOMMENDATION TO GRANT IN PART AND
DENY IN PART PLAINTIFF'S MOTION FOR JUDGMENT BY DEFAULT**

Before the Court is Plaintiff Eric Parr's ("Plaintiff") Motion for Judgment by Default ("Motion"), filed June 21, 2006. This matter came on for hearing on July 25, 2006, with Lunsford Dole Phillips, Esq., appearing on behalf of Plaintiff. After careful consideration of the Motion and the relevant legal authority, this Court HEREBY FINDS AND RECOMMENDS that Plaintiff's Motion be GRANTED IN PART AND DENIED IN PART for the reasons set forth below.

**BACKGROUND**

On January 23, 2006, Plaintiff filed the instant action against Defendant JW & S Hawaii, LLC, doing business as Club Lao Star ("Defendant").[1] The Complaint alleges that Defendant

---

[1] Prior to filing the action, Plaintiff sent a letter to the Owner/Manager of Club Lao Star, stating that he could not use the club's restroom. He pointed out the club's legal obligations regarding accessibility and offered free advice on the matter. Plaintiff did not receive a response.

operates a public accommodation that is in violation of the Americans with Disabilities Act ("ADA") and the parallel state law.  The Complaint states that Plaintiff is a disabled person who, as a past and future patron of Club Lao Star, has been subjected to unlawful discrimination by Defendant.  The Complaint seeks: a permanent injunction requiring Defendant to fully comply with the ADA within ninety days and to comply with the ADA in the future; $1,000 in monetary damages as provided by Hawai`i Revised Statutes § 347-13.5; litigation expenses, including attorney's fees and expert's fees; and any other relief the court deems proper.

        Plaintiff served Defendant with the Complaint on February 6, 2006 and Defendant's answer was due on February 27, 2006.  After Defendant failed to answer, Plaintiff obtained an entry of default on March 8, 2006.  Defendant has never appeared in this case.

        Plaintiff filed the instant Motion on June 21, 2006, seeking a permanent injunction requiring Defendant to bring Club Lao Star into full compliance with the ADA within ninety days and requiring Defendant to fully comply with the ADA in all public accommodations that it may operate in the future.  Plaintiff also seeks payment of his litigation expenses within ten days of the entry of judgment.  Plaintiff has apparently abandoned his claim for statutory damages pursuant to § 347-13.5.

**DISCUSSION**

I.  **Default Judgment**

"'The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true.'" TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917–18 (9th Cir. 1987) (quoting Geddes v. United Fin. Group, 559 F.2d 557, 560 (9th Cir. 1977)). However, a plaintiff who obtains a entry of default is not entitled to default judgment as a matter of right. See Warner Bros. Entm't Inc. v. Caridi, 346 F. Supp. 2d 1068, 1071 (C.D. Cal. 2004). Default judgments are disfavored; cases should be decided on the merits if possible. See In re Roxford Foods, Inc., 12 F.3d 875, 879 (9th Cir. 1993). Thus, "any doubts as to the propriety of a default are usually resolved against the party seeking a default judgment." VonGrabe v. Sprint PCS, 312 F. Supp. 2d 1313, 1319 (S.D. Cal. 2004) (citing Pena v. Seguros La Comercial, S.A., 770 F.2d 811, 814 (9th Cir. 1985)).

In determining whether to grant default judgment, the court should consider the following factors:

> (1) the possibility of prejudice to the plaintiff,
> (2) the merits of the plaintiff's substantive claim,
> (3) the sufficiency of the complaint,
> (4) the sum of money at stake in the action,
> (5) the possibility of a dispute concerning material facts,
> (6) whether the default was due to excusable neglect, and
> (7) the strong policy underlying the Federal Rules

>    of Civil Procedure favoring decisions on the
>    merits.

Warner Bros., 346 F. Supp. 2d at 1071-72 (quoting Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986)).  Plaintiff has diligently litigated this case and he will be prejudiced if the entry of judgment is delayed.  The Court also finds that Plaintiff's Complaint sufficiently alleges substantive claims.  Further, in light of the fact that Defendant has made no appearance in this case, there is no possibility of a dispute over the material facts and there is no indication that the default was due to excusable neglect.  This Court therefore finds that factors (1), (2), (3), (5), and (6) weigh in favor of granting the Motion.

Plaintiff originally sought $1,000.00 in statutory damages pursuant to Hawai`i Revised Statutes § 347-13.5.  Even if Plaintiff had not abandoned that claim, the amount of money at stake is small and factor (4) is therefore neutral.  The only favor that weighs against granting the Motion is the strong policy favoring decisions on the merits.  Having considered all of the relevant factors, this Court FINDS that default judgment is warranted in this case.

## II.  Injunctive Relief

Plaintiff seeks a permanent injunction requiring Defendant to bring Club Lao Star into compliance with the ADA within ninety days.  Under the ADA, discrimination includes:

> a failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities, . . . where such removal is readily achievable[.]

42 U.S.C. § 12182(b)(2)(A)(iv). Plaintiff submitted a declaration by his expert, Paul Sheriff, describing the barriers in Club Lao Star which need to be removed to provide accessibility to persons who use wheelchairs. The Court finds that the barriers identified by Mr. Sheriff constitute violations of the ADA.

The ADA provides that, "[i]n the case of violations of sections 12182(b)(2)(A)(iv) . . . , injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by this subchapter." 42 U.S.C. § 12188(a)(2). Pursuant to § 12188(a)(2), this Court RECOMMENDS that the district GRANT Plaintiff's request for an injunction requiring Defendant to remove the barriers to accessibility at Club Lao Star.

Plaintiff also seeks a permanent injunction requiring Defendant to comply with the ADA in any public accommodations that it may operate in the future. Section 12188(a)(2) does not allow Plaintiff to obtain such relief. Even assuming, *arguendo*, that § 12188 authorized the courts to issue such an injunction, Plaintiff would not have standing to obtain such relief. In order to have standing to seek relief under the ADA, a plaintiff

5

must have suffered an injury for purposes of the ADA and he must satisfy the constitutional "case" or "controversy" requirement. See Pickern v. Holiday Quality Foods Inc., 293 F.3d 1133, 1137 (9th Cir. 2002).  Plaintiff can only speculate that: Defendant may operate other public accommodations in the future; Defendant's future operations may violate the ADA; and Plaintiff may be injured by the violations.  Plaintiff has not alleged an injury or an actual case or controversy regarding future violations at other public accommodations.  This Court therefore RECOMMENDS that the district court DENY Plaintiff's request for a permanent injunction requiring Defendant to comply with the ADA in all public accommodations it may operate in the future.

**III. Litigation Fees**

Plaintiff also seeks an award of his reasonable attorney's fees, expert's fees, and costs.  A court, in its discretion, may award reasonable attorney's fees, litigation expenses, and costs to the prevailing party in an action commenced under the ADA.  See 42 U.S.C. § 12205.

**A.   Attorney's Fees**

Under federal law, reasonable attorney's fees are generally based on the traditional "lodestar" calculation set forth in Hensley v. Eckerhart, 461 U.S. 424, 433 (1983).  See Fischer v. SJB-P.D., Inc., 214 F.3d 1115, 1119 (9th Cir. 2000). The court must determine a reasonable fee by multiplying "the

6

number of hours reasonably expended on the litigation" by "a reasonable hourly rate."  Hensley, 461 U.S. at 433.  Second, the court must decide whether to adjust the lodestar amount based on an evaluation of the factors articulated in Kerr v. Screen Extras Guild, Inc., 526 F.2d 67, 70 (9th Cir. 1975), which have not been subsumed in the lodestar calculation.  See Fischer, 214 F.3d at 1119 (citation omitted).

> The factors the Ninth Circuit articulated in Kerr are:
>
> (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

Kerr, 526 F.2d at 70.  Factors one through five have been subsumed in the lodestar calculation.  See Morales v. City of San Rafael, 96 F.3d 359, 364 n.9 (9th Cir. 1996).  Further, the Ninth Circuit, extending City of Burlington v. Dague, 505 U.S. 557, 567 (1992), held that the sixth factor, whether the fee is fixed or contingent, may not be considered in the lodestar calculation.  See Davis v. City & County of San Francisco, 976 F.2d 1536, 1549 (9th Cir. 1992), vacated in part on other grounds, 984 F.2d 345 (9th Cir. 1993).  Once calculated, the "lodestar" is

presumptively reasonable.  See Pennsylvania v. Delaware Valley Citizens' Council for Clean Air, 483 U.S. 711, 728 (1987); see also Fischer, 214 F.3d at 1119 n.4 (stating that the lodestar figure should only be adjusted in rare and exceptional cases).

Plaintiff requests the following lodestar amount for work performed in connection with this case:

| ATTORNEY | HOURS | RATE | LODESTAR |
|---|---|---|---|
| Lunsford Dole Phillips | 10.8 | $275 | $2,970.00 |
| | Hawai`i General Excise Tax 4.166% | | $  123.76 |
| | | TOTAL REQUESTED LODESTAR | $3,093.76 |

[Exhs. C & D to Motion.]  Mr. Phillips was admitted to the Hawai`i bar in 1987.

### 1. **Reasonable Hourly Rate**

In determining whether an hourly rate is reasonable, the Court considers the experience, skill, and reputation of the attorney requesting fees.  See Webb v. Ada County, 285 F.3d 829, 840 & n.6 (9th Cir. 2002).  The reasonable hourly rate should reflect the prevailing market rates in the community.  See id.; see also Gates v. Deukmejian, 987 F.2d 1392, 1405 (9th Cir. 1992), as amended on denial of reh'g, (1993) (noting that the rate awarded should reflect "the rates of attorneys practicing in the forum district").  It is the burden of the fee applicant to produce satisfactory evidence, in addition to an affidavit from the fee applicant, demonstrating that the requested hourly rate

reflects prevailing community rates for similar services.  See Jordan v. Multnomah County, 815 F.2d 1258, 1263 (9th Cir. 1987).

Although it is usually required that counsel submit additional evidence that the rate charged is reasonable, see id., this Court is well aware of the prevailing rates in the community for similar services performed by attorneys of comparable experience, skill, and reputation.  Based on this Court's knowledge of the prevailing rates in the community and Plaintiff's submissions in this case, this Court finds that the requested hourly rate of $275 is unreasonable.  The Court finds an hourly rate of $250 to be reasonable.

### 2.   Hours Reasonably Expended

Beyond establishing a reasonable hourly rate, a party seeking attorney's fees bears the burden of proving that the fees and costs taxed are associated with the relief requested and are reasonably necessary to achieve the results obtained.  See Tirona v. State Farm Mut. Auto. Ins. Co., 821 F. Supp. 632, 636 (D. Haw. 1993) (citations omitted).  A court must guard against awarding fees and costs which are excessive, and must determine which fees and costs were self-imposed and avoidable.  See id. at 637 (citing INVST Fin. Group v. Chem-Nuclear Sys., 815 F.2d 391, 404 (6th Cir. 1987)).  A court has "discretion to 'trim fat' from, or otherwise reduce, the number of hours claimed to have been spent on the case."  Soler v. G & U, Inc., 801 F. Supp. 1056, 1060

(S.D.N.Y. 1992) (citation omitted).  Time expended on work deemed "excessive, redundant, or otherwise unnecessary" shall not be compensated.  See Gates, 987 F.2d at 1399 (quoting Hensley, 461 U.S. at 433-34).

This Court finds that the number of hours in the request is manifestly reasonable.

### 3. Total Award

Based on the foregoing, this Court finds that Plaintiff has established the appropriateness of an award of attorney's fees as follows:

| ATTORNEY | HOURS | RATE | LODESTAR |
|---|---|---|---|
| Lunsford Dole Phillips | 10.8 | $250 | $2,700.00 |
| | Hawai`i General Excise Tax 4.166% | | $ 112.48 |
| | | TOTAL LODESTAR | $2,812.48 |

The Court finds it unnecessary to adjust the lodestar amount based on the Kerr factors.

### B. Expert's Fees

Plaintiff retained Paul Sheriff as an expert to render opinions about what barriers would need to be removed from Club Lao Star.  Mr. Sheriff is the president of Paul Sheriff Incorporated, which provides consultation regarding, *inter alia*, ADA accessibility requirements.  Mr. Sheriff states that he has fourteen years of consulting experience and he has been recognized as an expert on accessibility issues.  The federal

10

court has used him as a Court Monitor, Special Master, and Arbitrator/Mediator. [Motion, Decl. of Paul Sheriff at ¶¶ 1-2.] Mr. Sheriff states that Plaintiff's counsel retained him in this case for a flat fee of $1,000.00. [Id. at ¶ 3.]

The Motion does not state how many hours Mr. Sheriff spent on this case, nor does it state what Mr. Sheriff's customary hourly rate is. Plaintiff has not provided sufficient evidence to allow this Court to determine whether Mr. Sheriff's requested fee is reasonable. This Court therefore RECOMMENDS that the district court DENY WITHOUT PREJUDICE Plaintiff's request for reimbursement of his expert's fees.

### C. Costs

Plaintiff also requests the following litigation costs:

| | |
|---|---:|
| Filing fee (with 1 certified copy) | $259.00 |
| Service fee | $ 31.00 |
| TOTAL | $290.00 |

[Exh. D to Motion.]

The Court finds these costs to be manifestly reasonable and necessarily incurred in the pursuit of this action. The Court therefore RECOMMENDS that the district court GRANT Plaintiff's request for costs in full.

### CONCLUSION

On the basis of the foregoing, this court FINDS AND RECOMMENDS that Plaintiff's Motion for Judgment by Default, filed

11

June 24, 2006, be GRANTED IN PART AND DENIED IN PART.  This Court recommends that the district court:

1) GRANT Plaintiff an injunction requiring Defendant to remove the barriers to accessibility identified by Mr. Sheriff within ninety days of the entry of judgment;

2) DENY Plaintiff's request for an injunction requiring Defendant to comply with the ADA in all public accommodations Defendant may operate in the future;

3) GRANT Plaintiff's request for attorney's fees in the amount of $2,812.48 and costs in the amount of $290.00; and

4) DENY Plaintiff's request for expert's fees without prejudice.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAI`I, August 31, 2006.



    /S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States Magistrate Judge


**ERIC PARR V. JW & W HAWAI`I, INC.; CIVIL NO. 06-00041 JMS-LEK; FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART PLAINTIFF'S MOTION FOR JUDGMENT BY DEFAULT**