IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | | |
|---|---|---|
| ERIC PARR, | ) | CIVIL NO. 06-00041 JMS-LEK |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| JS & W HAWAI`I, INC., ETC., | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

FINDINGS AND RECOMMENDATION TO GRANT IN PART AND
DENY IN PART PLAINTIFF'S MOTION TO ALTER JUDGMENT

     Before the Court, pursuant to a designation by United States District Judge J. Michael Seabright, is Plaintiff Eric Parr's ("Plaintiff") Motion to Alter Judgment ("Motion"), filed October 31, 2006. The Court finds this matter suitable for disposition without a hearing pursuant to Rule LR7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawai`i ("Local Rules"). After careful consideration of the Motion, supporting materials, and the relevant case law, this Court HEREBY FINDS and RECOMMENDS that Plaintiff's Motion be GRANTED IN PART and DENIED IN PART for the reasons set forth below.

## BACKGROUND

     On January 23, 2006, Plaintiff filed the instant Americans with Disabilities Act ("ADA") action against Defendant JS & W Hawaii, LLC, doing business as Club Lao Star ("Defendant"). Defendant failed to answer and Plaintiff obtained

an entry of default on March 8, 2006.  Plaintiff filed a Motion for Judgment by Default on June 21, 2006.

On September 1, 2006, this Court issued its Findings and Recommendation to Grant in Part and Deny in Part Plaintiff's Motion for Judgment by Default ("F&R").  This Court recommended, *inter alia*, that the district court deny Plaintiff's request for expert fees without prejudice because Plaintiff failed to submit any supporting documentation concerning the amount of time the expert spent on the case and what the hourly rate was.  Without this information, the Court could not determine whether the request was reasonable.

No party filed objections to the F&R and the district court issued its order adopting the F&R on October 2, 2006.  Judgment was entered on October 3, 2006.  In pertinent part, the Judgment stated that, pursuant to the F&R and the order adopting the F&R, Plaintiff's request for expert's fees was denied without prejudice.

Plaintiff filed the instant Motion on October 31, 2006.  Pursuant to Federal Rule of Civil Procedure 60(b), Plaintiff asks the district court to alter the Judgment by granting his request for expert's fees in the amount of $1,041.66.  Plaintiff submitted an October 13, 2006 letter and invoice from his expert, Paul Sheriff, documenting his fee of $1,000.00, plus 4.166% tax, for a total of $1,041.66.

Defendant has not appeared in this case and has not filed an opposition to the instant Motion.

## **DISCUSSION**

### I. **Relief from Judgment**

Rule 60(b) provides, in pertinent part:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken.

Fed. R. Civ. P. 60(b). Plaintiff does not state which provision of Rule 60(b) applies in this case. Mr. Sheriff's supporting documentation is not newly discovered evidence that could not have been discovered through due diligence before the entry of judgment. Nor can this Court find that the judgment was the result of excusable neglect. Plaintiff could have submitted the supporting documents in an objection to the F&R, but failed to do so. Plaintiff offers no explanation for his failure to present

the supporting evidence prior to the entry of judgment.  However, insofar as the Judgment states that the denial of Plaintiff's request for expert fees was without prejudice and Plaintiff filed the Motion within a reasonable amount of time of after the entry of judgment, this Court finds that relief from judgment is appropriate pursuant to Rule 60(b)(6).  This Court therefore RECOMMENDS that Plaintiff's request for relief from judgment be GRANTED.

## II.  **Expert Fees**

A court, in its discretion, may award reasonable attorney's fees, litigation expenses, and costs to the prevailing party in an action commenced under the ADA.  See 42 U.S.C. § 12205.  According to Mr. Sheriff's letter, his organization will not work on a site unless the client pays a $1,000.00 minimum payment.  Further, the letter states that "Paul Sheriff Incorporated made six (6) trips to the Lao Star site, they were closed; and, on the 7th trip they were open.  Each trip took over an hour.  We did not include those times which were spent when they were not open in our billing."  [Exh. A to Motion (emphasis added).]

Thus, Mr. Sheriff's $1,000.00 fee represents only work done during the seventh trip when the site was open.  Mr. Sheriff states that each trip, presumably including the seventh, "took over an hour."  Without further information, this Court can only

4

attribute one hour to the seventh trip and Mr. Sheriff's fee represents an hourly rate of $1,000.  The Court finds this amount manifestly unreasonable, regardless of Mr. Sheriff's policies about minimum payments.

The Court finds an hourly rate of $250.00 to be reasonable and that an expert fee of $260.42, including 4.166% tax, is reasonable.  This Court therefore RECOMMENDS that Plaintiff'S request for expert fees be GRANTED IN PART and DENIED IN PART.  The Court recommends that the district court award Plaintiff $260.42.

## **CONCLUSION**

On the basis of the foregoing, this court FINDS AND RECOMMENDS that Plaintiff's Motion to Alter Judgment, filed October 31, 2006, be GRANTED IN PART and DENIED IN PART.  This Court recommends that the district court amend the Judgment to include an award of expert fees in the amount of $260.42.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAI`I, December 1, 2006.



 /S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States Magistrate Judge

**ERIC PARR V. JS & W HAWAI`I, LLC, ETC; CIVIL NO. 06-00041 JMS-LEK; FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART PLAINTIFF'S MOTION TO ALTER JUDGMENT**